# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**DELOSANGELES HARPER,**  PLAINTIFF
ADC #139885

v.  Case No. 2:18-cv-00171-KGB-JTK

**JOSEPH DAUCK,** *et al.*  DEFENDANTS

## ORDER

The Court has received Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 39). Plaintiff Delosangeles Harper filed objections to the Proposed Findings and Recommendations (Dkt. No. 45). After careful review of the Proposed Findings and Recommendations and Mr. Harper's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 17).

The Court writes separately to address Mr. Harper's objections. Judge Kearney recommends that defendants Sergeant Joseph Dauck and Corporal John Alexander's motion for summary judgment on the issue of exhaustion be granted and that Mr. Harper's claims against Sergeant Dauck and Corporal Alexander be dismissed without prejudice (Dkt. No. 39, at 7). Mr. Harper objects to Judge Kearney's finding that he failed to exhaust his administrative remedies with regard to Corporal Alexander (Dkt. No. 45, at 1). Mr. Harper contests the defendants' claim that he did not exhaust his administrative remedies as to Corporal Alexander because he never referred to Corporal Alexander by name and never corrected the misidentification even after the Warden's response to his complaint (*Id.*, at 2). However, Judge Kearney rejected the defendants' contention and found that "the Warden's correction of [Corporal] Alexander's identity in his response was sufficient to meet the requirement of naming the party involved" (Dkt. No. 39, at 7).

Mr. Harper also claims that Judge Kearney erred in finding that the failure to protect issue that Mr. Harper raises against Corporal Alexander was never addressed in the prison grievance process and, therefore, was not exhausted (Dkt. Nos. 39 at 7, 45 at 3). Mr. Harper contends that prison officials understood his Step One grievance to raise the specific allegations against Corporal Alexander now raised in his complaint (Dkt. No. 45, at 4). However, this Court agrees with Judge Kearney's finding that the issue was not exhausted because Mr. Harper never alleged or even referred to a failure to protect claim in his initial grievance complaint statement and because Mr. Harper's appeal statement that Corporal Alexander "stood at the door and did nothing" was not acknowledged or addressed by the Director in the appeal (Dkt. No. 39, at 7). Accordingly, this Court adopts Judge Kearney's recommendation (Dkt. No. 39).

It is therefore ordered that:

1. Sergeant Dauck and Corporal Alexander's motion for summary judgment is granted (Dkt. No. 24); and

2. Sergeant Dauck and Corporal Alexander are dismissed without prejudice as defendants from this action.

Mr. Harper may proceed with his claims against Sergeant Johnny Morris.[1]

---

[1] In his Proposed Findings and Recommendations, Judge Kearney states that, according to the affidavit of Terri Grigsby, the Inmate Grievance Supervisor, "[Mr. Harper] did exhaust his administrative remedies as to his excessive force claim against [Corporal] Alexander." (Dkt. No. 39, at 4). However, the Court notes that Ms. Grigsby's affidavit states that "[Mr. Harper] has failed to exhaust his administrative remedies with regard to [Corporal] Alexander" and "[Mr. Harper] exhausted his administrative remedies with regard to grievance #GR-18-00810 against [Sergeant] Morris." (Dkt. No. 24-2, ¶¶ 11, 13). Accordingly, the Court interprets the Proposed Findings and Recommendations to indicate that Mr. Harper exhausted his administrative remedies with regard to Sergeant Morris but that Mr. Harper failed to do so with regard to Corporal Alexander for the claims he purports to bring in this action.

It is so ordered this 11th day of February, 2020.

_____
Kristine G. Baker
United States District Judge