# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

DELOSANGELES HARPER,                                                                                  PLAINTIFF
ADC #139885

v.                                              2:18CV00171-KGB-JTK

JOSEPH DAUCK, et al.                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Introduction

Plaintiff Delosangeles Harper is a state inmate incarcerated at the Varner Unit of the Arkansas Division of Correction (ADC), who filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force and failure to protect while confined at the Grimes Unit of the ADC. (Doc. Nos. 2, 5) Defendants Dauck and Alexander were dismissed on February 11, 2020. (Doc. No. 52)

This matter is before the Court on remaining Defendant Morris's Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 102-104), to which Plaintiff responded. (Doc. No. 106)

## II.    Amended Complaint (Doc. No. 5)

Plaintiff alleged that Defendants Morris and Alexander escorted him from the recreation yard to his cell in restrictive housing on August 24, 2018. When they arrived at his cell, Morris slammed Plaintiff down on his rack while Plaintiff was handcuffed, and injured his arms, hands, and neck.

## III.   Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

    A.    **Official Capacity Liability**

The Court initially agrees with Defendant that Plaintiff's monetary claims against Him in his official capacity should be dismissed, pursuant to sovereign immunity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989).

    B.    **Individual Capacity Liability**

Defendant also asks the Court to dismiss Plaintiff's claims against him in his individual capacity, based on qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d

3

510, 515 (8th Cir. 2005).    Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful.    Pearson v. Callahan, 555 U.S. 223, 232 (2009).[1]    Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

According to his Declaration, Defendant Morris performed a shakedown of Plaintiff's cell to check for contraband on August 24, 2018, while Plaintiff was at yard call. (Doc. No. 102-2, p. 1)   When Morris and Alexander escorted Plaintiff back to his cell, Plaintiff noticed that many state-issued towels had been taken from his cell, because they were ADC property. (Id.) Harper became angry, hollered, and screamed at Defendants, and when they arrived at Harper's cell, Defendants showed him they left him towels he was issued. (Id., p. 2) Defendant removed only the leg restraints in the cell and then removed the hand restraints through the door trap after he exited the cell. (Id.) Defendant denied that he used any force against Plaintiff. (Id.)

---

[1]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

In his Deposition, Plaintiff stated Defendant Morris slammed him down on his rack while he was still in shackles and handcuffs. (Doc. No. 102-1, p. 3) He suffered a bruised arm and wrist and some scratches on his neck, and Morris denied his request to go to the infirmary for treatment. (Id., pp. 5-6) He later stated that he submitted an infirmary request, but never heard from the infirmary, and did not file a medical grievance about it. (Id., pp. 5, 8) He admitted that he did not obey Morris' order to sit down on his rack, and that Morris did not hit or kick him. (Id., p. 11)

Based on the evidence, Defendant states that even if the Court assumes that he pushed Plaintiff onto his bed rack, he is entitled to qualified immunity because there is no evidence that he acted maliciously and sadistically to cause harm.

In his response, Plaintiff stated that summary judgment is not appropriate because a genuine dispute of material fact exists concerning whether Defendant Morris slammed him down on his rack and injured him. He stated that the camera footage showed that Morris entered Plaintiff's cell and left aggressively.

To support an excessive force claim, Plaintiff must allege and prove that force was not applied in a good-faith effort to maintain or restore discipline, but rather, maliciously and sadistically to cause harm.   Wilkins v. Gaddy, 559 U.S. 34, 37 (2010).   Factors to be considered in determining the reasonable use of excessive force include whether there was an objective need for force, the relationship between the need and the amount of force used, the threat reasonably perceived by the officers, efforts the officers used to temper the severity of their response, and the extent of the inmate's injury. Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002).   In Wilkins, the United States Supreme Court held that the absence of serious injury is not irrelevant to an excessive force inquiry, but is a factor which could suggest whether the force could "plausibly have been thought necessary" and might also provide an indication of the

amount of force applied. 559 U.S. at 37 (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Jones v. Shields, 207 F.3d 491, 495 (8th Cir. 2000) (quoting Hudson, 503 U.S. at 9) . While significant injury is not required, "some actual injury must be shown" and the extent of inflicted pain considered. Jones, 207 F.3d at 495. "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Wilkins, 559 U.S. at 38. "[U]nless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain ... the case should not go to the jury." Johnson v. Bi-State Justice Ctr./Arkansas Dept. of Corrections, 12 F.3d 133, 136 (8th Cir. 1993) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).

In this particular case, the video of the incident is not helpful because it does not show what happened in the cell between Plaintiff and Defendant. Therefore, the Court is left with the parties' differing versions of the incident. However, even assuming as fact Plaintiff's description of the event, the Court finds as a matter of law that Morris's actions did not constitute excessive force. Plaintiff admitted that he refused Morris's order to sit on his rack, and even if Morris did "slam" Plaintiff on the rack, the Court finds such action insufficient to support a constitutional claim. Plaintiff provides no evidence to show that Morris's actions were not applied in a good faith effort to restore discipline, or that Morris acted maliciously and sadistically to cause harm. Plaintiff also provided no proof of injury, other than his claim of a bruised arm and wrist and some scratches.

Therefore, the Court finds as a matter of law that no reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation

of a constitutional or statutory right by Defendant Morris.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendant Morris's Motion for Summary Judgment (Doc. No. 102) be GRANTED, and Plaintiff's Complaint be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 7th day of September, 2021.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE