IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**DELOSANGELES HARPER,**                                                                                    **PLAINTIFF**
**ADC #139885**

v.                                            Case No. 2:18-cv-00171-KGB-JTK

**JOSEPH DAUCK,** *et al.*                                                                                    **DEFENDANTS**

## ORDER

Before the Court are Proposed Findings and Recommendations submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 109). Plaintiff Delosangeles Harper filed objections to the Proposed Findings and Recommendations[1] (Dkt. No. 110). After careful review of the Proposed Findings and Recommendations and Mr. Harper's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Recommendations as its findings in all respects (Dkt. No. 109).

The Court writes separately to address Mr. Harper's objections. Judge Kearney recommends that remaining defendant Sergeant Johnny Morris's motion for summary judgment be granted and that Mr. Harper's complaint be dismissed with prejudice (Dkt. No. 109, at 7). In his objections, Mr. Harper restates many of the same factual allegations contained in his amended complaint (Dkt. No. 5). Mr. Harper also argues that "Defendant Morris is clearly seen on camera as the only officer in the cell at the time of the incident" (Dkt. No. 110, at 2). However, the Court agrees with Judge Kearney's conclusion that the video of the incident is not helpful because it does not show what happened in the cell between Mr. Harper and Mr. Morris (Dkt. No. 109, at 6).

---

[1] The Court notes that Mr. Harper filed his objections on October 6, 2021, after the September 21, 2021, deadline for filing objections to the Proposed Findings and Recommendations (Dkt. No. 110). In his objections, Mr. Harper requests a 30-day extension "due to the law library here at Cummins being currently locked down until further notice" (Dkt. No. 110, at 3). Accordingly, the Court accepts Mr. Harper's objections as timely filed.

The Court has considered Mr. Harper's objections in the light of controlling law. *See, e.g., Munz v. Michael*, 28 F.3d 795, 800 (8th Cir. 1994) (recognizing that not every push or shove violates a prisoner's constitutional rights but determining that, even if Mr. Munz initially created the disturbance and sustained no serious injury, Mr. Munz alleged much more, including that "while he was bound hand and foot, defendants took him into a padded cell and beat him violently," sufficient to create a genuine issue of material fact on the level of force required and used). "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (quotation omitted). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is that set out in *Whitley*: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). This inquiry turns on "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted," from which "inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. at 321.

The Court determines that, even assuming as fact Mr. Harper's description of the incident, as a matter of law no reasonable factfinder could determine that Sergeant Morris's actions constituted excessive force, as Judge Kearney recommends (*Id.*, at 6-7). Mr. Harper admits in his deposition that he disobeyed an order to sit down and that, while Mr. Harper was handcuffed and shackled and following his refusal to obey the order, Sergeant Morris slammed Mr. Harper onto

his rack or bed (Dkt. No. 102-1, at 11). Accordingly, this Court adopts in its entirety Judge Kearney's Proposed Findings and Recommendations (Dkt. No. 109).

It is therefore ordered that:

1. Sergeant Morris's motion for summary judgment is granted (Dkt. No. 102);

2. The Court dismisses Mr. Harper's complaint (Dkt. No. 5);

3. The Court grants Senior Assistant Attorney General Kate Donovan's motion to substitute counsel (Dkt. No. 113).

4. The Court grants in part and denies in part Mr. Harper's motion for change of address and to review camera footage again (Dkt. No. 114). The denies as moot Mr. Harper's request to review camera footage and directs the Clerk to update Mr. Harper's address of record consistent with the notice he filed.

5. The Court certifies pursuant to 28 U.S.C. § 1915(a) that an *in forma pauperis* appeal taken from this Order and the accompanying Judgment would not be taken in good faith.

It is so ordered this 29th day of March, 2022.

_____
Kristine G. Baker
United States District Judge